**Case No. 24-7032**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

PEOPLE OF THE STATE OF CALIFORNIA, *et al*.,
*Plaintiffs-Appellees,*

v.

META PLATFORMS, INC., *et al*.,
*Defendants-Appellants,*

Appeal from the United States District Court
for the Northern District of California, Oakland Division
Hon. Yvonne Gonzalez Rogers
Case No. 4:23-cv-05448 (MDL No. 3047)

## PLAINTIFFS-APPELLEES STATE ATTORNEYS GENERAL'S
## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

*Counsel for Plaintiffs-Appellees*
*State Attorneys General*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, no corporate disclosure statement is necessary as no Plaintiff-Appellee is a nongovernmental corporation.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ........................................................i

INTRODUCTION ...........................................................................................1

BACKGROUND .............................................................................................2

STANDARD OF REVIEW ..............................................................................4

ARGUMENT .................................................................................................5

    I.    Whether Meta was entitled to a Section 230 defense is reviewable upon final judgment from the district court.......................6

         A.    Section 230 provides a defense to liability, not immunity from suit. ......................................................................6

         B.    Continuation of proceedings in the district court would not imperil any substantial public interest. ...............................9

    II.    Meta's Section 230 defense is not completely separate from the merits of this case. ..............................................................11

CONCLUSION ............................................................................................13

CERTIFICATE OF COMPLIANCE ................................................................20

ATTESTATION ...........................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009) ........................................3, 8

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ......................................................11

*Calise v. Meta Platforms, Inc.*, 103 F.4th 732 (9th Cir. 2024)................................7

*Chi. Lawyers' Comm. for Civil Rts. Under Law, Inc. v. Craigslist, Inc.*,
    519 F.3d 666 (7th Cir. 2008)..............................................................................8

*Childs v. San Diego Fam. Hous. LLC*, 22 F. 4th 1092 (9th Cir. 2022)..................10

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)............................1, 11

*Digit. Equip. Corp. v. Desktop Direct Inc.*, 511 U.S. 863 (1994) ........................6, 8

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981) ................................5

*G.G. v. Salesforce.com, Inc.,* 76 F.4th 544 (7th Cir. 2023) ......................................7

*Gen. Steel Domestic Sales, L.L.C. v. Chumley*,
    840 F.3d 1178 (10th Cir. 2016)........................................ 1, 6, 7, 8, 9

*In re Martinez*, 721 F.2d 262 (9th Cir. 1983) ..........................................................4

*In re Rega Props., Ltd.*, 894 F.2d 1136 (9th Cir. 1990) ...........................................1

*Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989) ...............................8

*Miranda B. v. Kitzhaber*, 328 F.3d 1181 (9th Cir. 2003) ....................................7, 12

*Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*,
    711 F.3d 1136 (9th Cir. 2013)..................................................... 7, 8, 12

Order, *Jones v. Dirty World Entm't Recordings LLC*,
    No. 12-5133 (6th Cir. May 9, 2012)................................................................6, 11

*SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*,
    859 F.3d 720 (9th Cir. 2017)...........................................................................5, 11

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989 (9th Cir. 2004)..........................4

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ....................................5

*Will v. Hallock*, 546 U.S. 345 (2006)........................................................ 5, 6, 9, 10

**Statutes**

28 U.S.C. § 1291 .........................................................................................................1

28 U.S.C. § 1292........................................................................................................2, 10

47 U.S.C. § 230 ...................................................................................................... 3, 8, 9

**Rules**

9th Cir. R. 27-1 ...........................................................................................................2

Fed. R. App. 27 ..........................................................................................................2

## <u>INTRODUCTION</u>

This Court lacks jurisdiction over Meta's attempt to appeal a nonfinal order denying Meta's motion to dismiss based on Section 230 of the Communications Decency Act. This Court ordinarily has jurisdiction only over district courts' final judgments, and an order denying a motion to dismiss falls outside that category. *See* 28 U.S.C. § 1291; *see also In re Rega Props., Ltd.*, 894 F.2d 1136, 1138 n.4 (9th Cir. 1990). Meta instead apparently seeks this Court's review under the collateral order doctrine. Notice of Appeal at 3, *In Re: Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-md-03047 (hereinafter "MDL 3047") (N.D. Cal. Nov. 14, 2024), Dkt. 1330 (referencing a "collateral Order"). But Meta cannot shoehorn the district court's order into the exceedingly narrow confines of that doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949) (setting forth collateral order doctrine); *see also, e.g.*, *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181-82 (10th Cir. 2016) (dismissing appeal of district court's denial of Section 230 defense for lack of jurisdiction). In particular, Meta's invocation of the collateral order doctrine fails for two reasons: first, the order will be reviewable after final judgment because Section 230 offers a defense from liability, but not immunity from suit, and second, the order is not separate from the merits of the case. At this time, this

Court lacks jurisdiction to review the denial of Meta's motion to dismiss. *See* Fed. R. App. 27; 9th Cir. R. 27-1.[1]

## <u>BACKGROUND</u>

The State AGs filed an enforcement action against Meta alleging that Meta had engaged in unfair business practices by designing its social media platforms to induce excessive use by young users, causing myriad health consequences while Meta profited, and that Meta had deceptively downplayed these health and safety risks, in violation of the States' consumer protection laws. Compl. ¶¶ 1-7, *People of the State of California, et al. v. Meta Platforms Inc.*, No. 4:23-cv-05448 (N.D. Cal. Nov. 22, 2023), Dkt. 73-2. The State AGs also alleged that Meta had collected data from users under the age of thirteen in violation of the Children's Online Privacy Protection Act. *Id.* ¶ 8.

---

[1] This motion refers to Plaintiffs-Appellees collectively as the "State AGs" and refers to Meta Platforms, Inc. and the related corporate entities that noticed these appeals as "Meta." The State AGs informed Meta of their intention to file this motion, and Meta indicated it would oppose dismissal. 9th Cir. R. 27-1(2).

Meta previously attempted to certify the questions it raises now for appeal under § 1292(b), but the district court denied that order as premature given ongoing motion practice. Order Denying Defs' Mot. Certify Interlocutory Appeal at 1-2, MDL 3047 (N.D. Cal. Feb. 2, 2024), Dkt. 590. In response to that attempt, the State AGs stated that "the [district] Court… should reconsider whether certification is appropriate after all outstanding motions to dismiss [raising questions related to Section 230] have been fully briefed and ruled upon." State Pls.' Resp. Defs.' Mot. Certify Interlocutory Appeal at 2, MDL 3047 (N.D. Cal. Jan. 9, 2024), Dkt. 526. The district court has yet to issue rulings on all such motions.

The State AGs filed their enforcement action in ongoing multi-district litigation by private individual and school district plaintiffs against Meta and other social media company defendants.

Meta moved to dismiss the State AGs' claims, arguing in part that the consumer protection claims were barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). Mot. to Dismiss Multistate Att'ys Gen. Compl. at 19-24, MDL 3047 (N.D. Cal. Dec. 22, 2023), Dkt. 517. Section 230 states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 "only protects from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009). Section 230 therefore provides a limitation on liability when a plaintiff seeks to hold a provider of interactive computer services liable as a publisher of third-party content.

On October 15, 2024, the district court granted in part and denied in part Meta's motion. Order Largely Denying in Part Meta's Mot. to Dismiss at 1, MDL 3047 (N.D. Cal. Oct. 15, 2024), Dkt. 1214. At issue in this appeal, the court declined to dismiss "theories of liability predicated on a failure-to-warn of known

risks of addiction attendant to any platform features or as to platform construction in general" based on Section 230. *Id.* at 2. The court, however, did dismiss certain claims of the State AGs regarding the design and deployment of specific features, again based on Section 230. *Id.*

On November 14, 2024, Meta filed a notice of appeal, in which it stated that it was appealing from the district court's "collateral Order" "to the extent that [it] denied the Meta Defendants' motions to dismiss claims for failure to warn of alleged risks relating to certain platform features as barred by statutory immunity from suit pursuant to Section 230." Notice of Appeal at 3, MDL 3047 (N.D. Cal. Nov. 14, 2024), Dkt. 1330. The State AGs filed a conditional notice of cross-appeal, contending that this Court does not have appellate jurisdiction, but reserving their rights regarding a cross-appeal of the portions of the district court's order dismissing their claims under Section 230. Notice of Cross-Appeal by State Att'ys Gen. at 2, MDL 3047 (N.D. Cal. Nov. 14, 2024), Dkt. 1386.

## STANDARD OF REVIEW

This Court determines its own jurisdiction de novo. *Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). Jurisdiction must be established as a threshold matter, and "a federal court is duty-bound to determine its proper jurisdiction." *In re Martinez*, 721 F.2d 262, 264 (9th Cir. 1983). If a court determines that it lacks jurisdiction, "the only function remaining to the court is

that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

## ARGUMENT

This Court lacks jurisdiction over Meta's appeal because the district court's order is not subject to the collateral order doctrine. Ordinarily, appellate jurisdiction is reserved for final decisions of a district court. "If non-final decisions were generally appealable, cases could be interrupted and trials postponed indefinitely as enterprising appellants bounced matters between the district and appellate courts." *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 723 (9th Cir. 2017). "Permitting piecemeal appeals would undermine the independence of the district judge." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

The collateral order doctrine provides a narrow exception, allowing review of a nonfinal order if three conditions are met. First, the order must "conclusively determine the disputed question." *Will v. Hallock*, 546 U.S. 345, 349 (2006). Second, the order must "resolve an important issue completely separate from the merits of the action." *Id.* Third, the order must be "effectively unreviewable on appeal from a final judgment." *Id.* The Supreme Court has "repeatedly stressed that the 'narrow' exception [of the collateral order doctrine] should stay that way and

never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digit. Equip. Corp. v. Desktop Direct Inc.*, 511 U.S. 863, 868 (1994) (internal citations omitted).

Here, the district court's order neither precludes effective review following a final judgment nor does it resolve an issue separate from the merits.

**I.**   **Whether Meta was entitled to a Section 230 defense is reviewable upon final judgment from the district court.**

The collateral order doctrine requires the issue on appeal to be effectively unreviewable if left for final judgment. *Will*, 546 U.S. at 349. Because Meta's claim on appeal relates to a defense to liability rather than immunity to suit, and because allowing this case to proceed to trial would not "imperil a substantial public interest," *id.* at 353, Meta can effectively seek review of the district court's denial of its Section 230 defense after final judgment. All other circuit courts that have squarely decided this issue have reached the same conclusion, and this Court should follow their well-reasoned holdings. *See Chumley*, 840 F.3d at 1179–82; Order, *Jones v. Dirty World Entm't Recordings LLC*, No. 12-5133 (6th Cir. May 9, 2012).

**A.**  **Section 230 provides a defense to liability, not immunity from suit.**

As the Tenth Circuit has held, Section 230 "provides immunity from liability, not suit." *Chumley*, 840 F.3d at 1179–80. This Court should follow the

Tenth Circuit's well-reasoned opinion and conclude that the district court's order denying Meta's Section 230 defense is "reviewable on appeal" after final judgment and "does not qualify under the collateral order doctrine." *Id.* at 1180–81.

Generally, a district court's denial of "immunity from suit or a right not to stand trial" is reviewable under the collateral order doctrine. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1190 (9th Cir. 2003). Such "immunity doctrines"—which "entitle the defendant to avoid facing suit and bear the burdens of litigation"—include absolute, Eleventh Amendment, tribal, and foreign sovereign immunity, as well as the Double Jeopardy Clause. *Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 711 F.3d 1136, 1139-40 (9th Cir. 2013).

In contrast, denial of a mere defense to liability is not immediately appealable. *Miranda B.*, 328 F.3d at 1190. Where a rule of law operates as an "implied limitation as to the reach of applicable law," such that its application simply "circumscribe[s] the reach of a cause of action," it is a merits defense to liability, rather than a conferral of immunity to suit. *Nunag-Tanedo*, 711 F.3d at 1139. Recognizing that Section 230 merely circumscribes the scope of a defendant's liability, this Court has interpreted Section 230 as "an affirmative defense." *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024); *see also G.G. v. Salesforce.com, Inc.,* 76 F.4th 544, 566 (7th Cir. 2023) (same).

Because any legal rule that may preclude or narrow the contours of liability can in some sense be interpreted as providing some kind of protection against trial, the Supreme Court has admonished "courts of appeals to view claims of a 'right not to be tried' with skepticism." *Digit. Equip. Corp.*, 511 U.S. at 873. True immunity-from-suit cases are limited to those featuring an "explicit statutory or constitutional guarantee that trial will not occur." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989).

As the Tenth Circuit has correctly determined, Section 230 contains no such guarantee. *Chumley,* 840 F.3d at 1182; *see also Chi. Lawyers' Comm. for Civil Rts. Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 669 (7th Cir. 2008) (noting that Section 230 "does not mention 'immunity' or any synonym"). Section 230 specifies that "[n]o provider or user of an interactive computer service shall be *held liable* on account of" certain actions. 47 U.S.C. § 230(c)(2) (emphasis added); *see also Barnes*, 570 F.3d at 1100–01 (describing Section 230(c)(1) as "protect[ing] from liability"). Rather than guaranteeing immunity from suit, subsection (c) explicitly provides a defense from liability. This subsection limits the reach of applicable law and circumscribes litigants' ability to hold technology companies liable for particular, specified types of conduct. *Cf. Nunag-Tanedo*, 711 F.3d at 1139.

Subsection (e)(3) fares no better. That provision states that "[n]o cause of action may be brought and *no liability imposed* under any state or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3) (emphasis added). The Tenth Circuit rejected an argument that the phrase "[n]o cause of action may be brought" reflects a congressional intent to confer immunity from suit. *Chumley*, 840 F.3d at 1182. It reasoned that subsection (e)(3) "is merely a preemption provision," intended to clarify that Section 230's defense to liability applies even in cases brought under state or municipal law that might otherwise provide for liability. *Id.* The Tenth Circuit further observed that "[i]mmunity from suit is a benefit typically reserved only for governmental officials," with narrow exceptions not relevant here, which further counsels against reading the statutory language to confer such an immunity. *Id.*

Because Section 230 does not provide immunity from suit, the district court's denial of Meta's motion to dismiss is reviewable upon final judgment and is not subject to the collateral order doctrine.

### B. Continuation of proceedings in the district court would not imperil any substantial public interest.

Even if Section 230 could be read to provide immunity from suit, that does not end the inquiry. Review under the collateral order doctrine is appropriate only when allowing a case to proceed to trial "would imperil a substantial public interest." *See Will*, 546 U.S. at 353; *see also id.* at 352-53 (noting that such

-9-

circumstances involve "some particular value of a high order" and pointing to the "denial of absolute Presidential immunity" as a prime example). In contrast, where the "hardship imposed by postponing review is 'the need to prepare for trials,'" this alone is not enough to outweigh the "societal interest advanced by the ordinary operation of final judgment principles." *Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092, 1097 (9th Cir. 2022).

Here, allowing the claims against Meta to proceed through the ordinary course of litigation would not imperil a substantial public interest. Indeed, a commercial entity's interest in avoiding litigation—even if expensive and protracted—pales in comparison to the interests that the Supreme Court has said are worthy of such treatment, including the constitutional separation of powers among the branches of government, preserving government efficiency in enforcing the law, and respecting state and foreign governments' dignitary interests. *Will*, 546 U.S. at 352–53. To be sure, Section 230 embodies certain policy goals, as do all statutes. But the public interest in ensuring that technology companies are shielded from the burdens of ordinary litigation—especially when those companies can vindicate any erroneous decisions on appeal after final judgment or through interlocutory review under 28 U.S.C. § 1292(b)—is far from the weighty "value of a high order" that courts have deemed sufficiently substantial to allow immediate appeals. *Will*, 546 U.S. at 352.

Evaluating this exact question, the Sixth Circuit held that the collateral order doctrine did not apply to a district court's denial of a motion for summary judgment raising a Section 230 defense, reasoning that no substantial public interest would be imperiled by delaying appeal until a final order. *See* Order, *Jones v. Dirty World Entm't Recordings LLC*, No. 12-5133 (6th Cir. May 9, 2012). Meta will have an opportunity to seek interlocutory review or review following a final judgment of the district court. Because the Section 230 defense is effectively reviewable at that time, the collateral order doctrine does not apply.

## II.   **Meta's Section 230 defense is not completely separate from the merits of this case.**

The district court's order regarding Meta's Section 230 defense is intertwined with the merits of the case, making it inappropriate to review as a collateral order. The collateral order doctrine is reserved for issues that are "separate from the merits," or, in other words, issues that do not bear on "whether the plaintiff's claim will succeed." *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003). Such issues include, for example, sovereign immunity, *SolarCity Corp.*, 859 F.3d at 725, and attorney's fees, *Cohen*, 337 U.S. at 545-47, neither of which requires the court to evaluate an "ingredient of the cause of action" before the district court has rendered a final judgment. *See id.* at 546-47.

This Court has repeatedly rejected attempts to invoke the collateral order doctrine to review the denial of a defense to liability because the defense is

-11-

enmeshed with the merits of a case. In *Nunag-Tanedo*, a defendant sought to invoke the collateral order doctrine after the district court denied a motion to strike claims under the *Noerr-Pennington* doctrine, which protects petitioning activity. 711 F.3d at 1138. This Court found that the question of whether the defendant's actions qualified as petitioning activity under *Noerr-Pennington* was "part and parcel of the merits of the plaintiffs' action," i.e., whether that same activity was subject to liability under various theories of law. *Id.* at 1139. Because this inquiry "merges into the merits of the liability determination," this Court found no jurisdiction under the collateral order doctrine. *Id.* Similarly, this Court has found that the denial of a preemption argument in a motion to strike is not immediately appealable because it amounts to a denial of a defense to the merits of a case. *See Miranda B.*, 328 F.3d at 1190.

In this appeal, Meta likewise seeks this Court's review of an issue that is not completely separate from the merits. Meta raised a Section 230 defense in its motion to dismiss, arguing that the State AGs' claims sought to hold Meta liable as a publisher of third-party content on Meta's social media platforms. That defense is part and parcel of the merits of this lawsuit: whether Meta is liable for conduct involving allegedly unfair and deceptive acts related to those platforms. The former cannot be considered without engaging with the latter. Accordingly, the

Section 230 inquiry "merges into the merits of the liability determination," rendering the collateral order doctrine inapplicable.

## **<u>CONCLUSION</u>**

Because a denial from a motion to dismiss is a nonfinal order and the collateral order doctrine does not apply to this appeal, there is no basis for appellate jurisdiction. Without jurisdiction, the appeal must be dismissed.

Dated: December 10, 2024

*Counsel for Plaintiffs-Appellees*
*State Attorneys General*

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066, CA No. 260663)
Chief Counsel - Consumer Protection and Advocacy Section
Nathan Whelihan (AZ No. 037560, CA No. 293684), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
Laura.Dilweg@azag.gov
Nathan.Whelihan@azag.gov

*Attorneys for State of Arizona ex rel. Kris Mayes, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 33642)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Shannon Stevenson*
Shannon Stevenson, CO Reg. No. 35542
Solicitor General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6749
Shannon.Stevenson@coag.gov

*Attorney for State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Krislyn Launer*
Krislyn M. Launer (CT Juris No. 440789)
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Krislyn.Launer@ct.gov

*Attorney for State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Marion Quirk*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8810
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov

*Attorneys for State of Delaware, ex rel. Kathleen Jennings, Attorney General of the State of Delaware*

**ANNE E. LOPEZ**
Attorney General
State of Hawai'i

*/s/ Bryan C. Yee*
Bryan C. Yee (HI JD No. 4050) *pro hac vice*
Supervising Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Bryan.c.yee@hawaii.gov
Phone: (808) 586-1180

*Attorney for State of Hawai'i*

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Alex Hemmer*
ALEX HEMMER
Deputy Solicitor General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(773) 590-7932
alex.hemmer@ilag.gov

*Attorney for the People of the State of Illinois*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Corinne Gilchrist*
Corinne Gilchrist
Section Chief, Consumer Litigation
Atty No. 27115-53
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 233-6143
Corinne.Gilchrist@atg.in.gov

*Attorney for State of Indiana*

**KRIS W. KOBACH**
Attorney General
State of Kansas

*/s/ Sarah M. Dietz*
Sarah Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Kaley Schrader, Assistant Attorney General
(KS Bar No. 27700), *pro hac vice*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
sarah.dietz@ag.ks.gov

*Attorneys for State of Kansas, ex rel. Kris W. Kobach, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ John H. Heyburn*
John H. Heyburn
Principal Deputy Solicitor General
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
(502) 696-5300
Jack.Heyburn@ky.gov

*Attorney for the Commonwealth of Kentucky*

**LIZ MURRILL**
Attorney General
State of Louisiana

/s/ *Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*Pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Public Protection Division
Consumer Protection Section
1885 N. Third St.
Baton Rouge, LA 70802
Tel: (225) 326-6400
NachabeA@ag.louisiana.gov

*Attorney for State of Louisiana*

**AARON M. FREY**
Attorney General
State of Maine

/s/ *Jillian O'Brien*
Jillian O'Brien (CA SBN 251311)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
jill.obrien@maine.gov

*Attorney for State of Maine*

**DANA NESSEL**
Attorney General
State of Michigan

/s/ *Daniel J. Ping*
Daniel J. Ping (P81482)
Assistant Attorney General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
517-335-7632
PingD@michigan.gov

*Attorney for State of Michigan*

**KEITH ELLISON**
Attorney General
State of Minnesota

/s/ *Evan Romanoff*
Evan Romanoff (MN Bar No. 0398223)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Tel: (651) 728-4126
evan.romanoff@ag.state.mn.us

*Attorney for State of Minnesota, by its
Attorney General, Keith Ellison*

**MIKE HILGERS**
Attorney General of Nebraska

*/s/ Anna M. Anderson*
Anna M. Anderson, (NE Bar No. 28080)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol Building
Lincoln, NE 68509-8920
Phone: (402) 471-6034
Anna.anderson@nebraska.gov

*Attorney for State of Nebraska ex rel.*
*Michael T. Hilgers, Attorney General*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)

*Attorney for New Jersey Attorney*
*General and the New Jersey Division of*
*Consumer Affairs, Matthew J. Platkin,*
*Attorney General for the State of New*
*Jersey, and Cari Fais, Director of the*
*New Jersey Division of Consumer Affairs*

**LETITIA JAMES**
Attorney General
State of New York

*/s/ Kevin Wallace*
Kevin Wallace (NY Bar No. 3988482)
Senior Enforcement Counsel
kevin.wallace@ag.ny.gov
Office of the New York State Attorney
General
28 Liberty Street New York, NY 10005
(212) 416-8262

*Attorney for The People of the State of New*
*York by Letitia James, Attorney General of*
*the State of New York*

**JOSHUA H. STEIN**
Attorney General
State of North Carolina

*/s/ Charles G. White*
Charles G. White (N.C. State Bar No.
57735)
Assistant Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6889
cwhite@ncdoj.gov

*Attorney for State North Carolina*

**DAVE YOST**
Attorney General
State of Ohio

*/s/ Kevin R. Walsh*
Kevin R. Walsh (Ohio Bar No. 0073999)
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-466-1031
E-Mail: Kevin.Walsh@ohioago.gov

*Attorney for State of Ohio, ex rel. Attorney*
*General Dave Yost*

**ELLEN F. ROSENBLUM**
Attorney General
State of Oregon

*/s/ John Dunbar*
John J. Dunbar (Oregon Bar No. 842100)
Assistant Attorney General
Oregon Department of Justice
Consumer Protection Section
100 SW Market Street
Portland, Oregon 97201
Telephone:  (971) 673-1880
Facsimile:    (971) 673-1884
E-mail: john.dunbar@doj.oregon.gov

*Attorney for State of Oregon, ex rel. Ellen F. Rosenblum, Attorney General for the State of Oregon*

**MICHELLE A. HENRY**
Attorney General
Commonwealth of Pennsylvania

/s/ *Jonathan R. Burns*
Jonathan R. Burns (PA Bar No. 315206)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor Harrisburg,
PA 17120
Tel: 717.787.4530
Email: jburns@attorneygeneral.gov

*Attorney for the Commonwealth of Pennsylvania*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Alex Carnevale*
Alex Carnevale (R.I. Bar No. 10724)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x 1895
acarnevale@riag.ri.gov

*Attorney for State of Rhode Island*

**ALAN WILSON**
Attorney General
State of South Carolina

/s/ *Jared Q. Libet*
Jared Q. Libet (SC Bar No. 74975)
Assistant Deputy Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Tel: (803) 734-5251
jlibet@scag.gov

*Attorney for the State of South Carolina, ex rel. Alan M. Wilson, in His Official Capacity as Attorney General of the State of South Carolina*

**COMMONWEALTH OF VIRGINIA**
*Ex rel.* Jason S. Miyares, Attorney General

/s/ *Kevin M. Gallagher*
Kevin M. Gallagher (VSB No. 87548)
Principal Deputy Solicitor General
Joelle E. Gotwals (VSB No. 76779)
Assistant Attorney General
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-7773
Facsimile: (804) 786-0122
E-mail: kgallagher@oag.state.va.us
　　　　jgotwals@oag.state.va.us

*Attorneys for Commonwealth of Virginia ex rel. Jason S. Miyares, Attorney General*

**ROBERT W. FERGUSON**
Attorney General
State of Washington

/s/ *Alexandra Kory*
Alexandra Kory (WA Bar No. 49889)
Joseph Kanada (WA Bar No. 55055)
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 516-2997
Alexandra.Kory@atg.wa.gov

*Attorneys for State of Washington*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

/s/ *Colin R. Stroud*
Colin R. Stroud
Assistant Attorney General
WI State Bar #1119457
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-9224
stroudcr@doj.state.wi.us

*Attorney for State of Wisconsin*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

1.     This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2): this document contains 2,963 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word, Version 2402 in 14 point font, Times New Roman.

*/s/ Megan O'Neill*
Attorney for The People of the State of California
Dated: December 10, 2024

## <u>ATTESTATION</u>

I attest that all other parties on whose behalf this filing is submitted concur in the filing's content.

*/s/ Megan O'Neill*
Attorney for The People of the State of California
Dated: December 10, 2024