Nos. 24-7032, 24-7037, 24-7300, 24-7304, 24-7312, 24-7265

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

*Plaintiffs – Appellees*,

– and –

STATE OF NORTH DAKOTA, and STATE OF GEORGIA,

*Plaintiffs*

v.

META PLATFORMS, INC. et al.,

*Defendants – Appellants*.

and Consolidated Cases

## META'S EMERGENCY MOTION TO STAY STATE AG TRIAL PENDING RESOLUTION OF THIS APPEAL

## RELIEF REQUESTED BY AUGUST 11, 2026

James P. Rouhandeh
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

Paul W. Schmidt
Mark W. Mosier
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
mmosier@cov.com

*Counsel for Defendants-Appellants Meta Platforms et al.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .......................................................................................... 1

BACKGROUND ........................................................................................... 2

ARGUMENT ................................................................................................ 5

I.     This Court Should Stay Trial on the Consumer Protection Claims. .............. 5

II.    The State AGs' Arguments for Proceeding to Trial Lack Merit. ................... 9

       A.    The Trial Would Involve Issues Currently Before This Court. ......... 10

       B.    Trial Should Not Proceed Based on Speculation That Any Error Would Be Harmless ............................................................................ 12

CONCLUSION ............................................................................................. 15

CERTIFICATE OF COMPLIANCE ..................................................................... 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) ................................................................6

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009), *as amended* (Sept. 28, 2009) ............................7

*Est. of Bride ex rel. Bride v. Yolo Techs, Inc.*,
  112 F.4th 1168 (9th Cir. 2024) ............................................................3, 7

*Chuman v. Wright*,
  960 F.2d 104 (9th Cir. 1992) ....................................................1, 5, 6, 8, 9, 14

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023)................................................................5, 8, 13, 15

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982)..................................................................1, 5, 8, 13

*Rafique v. Premier Fin. All., Inc.*,
  2025 WL 1073767 (N.D. Cal. Mar. 12, 2025) .....................................................7

*Rodriguez v. Cty. of L.A.*,
  891 F.3d 776 (9th Cir. 2018) .............................................................12, 13, 14

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
  702 F. Supp. 3d 809 (N.D. Cal. 2023)................................................................3

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
  753 F. Supp. 3d 849 (N.D. Cal. 2024).............................................................3, 7

*United States v. Claiborne*,
  727 F.2d 842 (9th Cir. 1984) ...........................................................5, 8, 15

*United States v. Hickey*,
  580 F.3d 922 (9th Cir. 2009) .........................................................................12

*United States v. Kitsap Physicians Serv.*,
  314 F.3d 995 (9th Cir. 2002) ......................................................................7

*United States v. LaMere,*
   951 F.2d 1106 (9th Cir. 1991) ...................................................................8

*United States v. Pitner,*
   307 F.3d 1178 (9th Cir. 2002) ...................................................................5

*Wilcox v. Comm'r of Internal Revenue,*
   848 F.2d 1007 (9th Cir. 1988) ...............................................................7, 8

**Statutes**

Children's Online Privacy Protection Act of 1998,
   15 U.S.C. §§ 6501-6506 ..........................................................................2

Communications Decency Act, 47 U.S.C. § 230 ..........................1-4, 6-7, 9-11, 13

iii

**INTRODUCTION**

On January 6, 2026, this Court heard oral argument on whether Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars substantial portions of the State AGs' consumer protection claims. The Court has not yet issued a decision on that issue (or on any issue in these consolidated appeals and conditional cross-appeals). Yet the district court has refused to stay trial on the State AGs' consumer protection claims, and absent this Court's intervention, the parties will proceed to trial on August 12, 2026—while this Court is still deciding how Section 230 applies to those very claims.

The district court lacks jurisdiction to try these claims. When an interlocutory appeal is filed, "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). For that reason, this Court has held that a trial involving the same issues on appeal should be "automatically delayed until disposition of the appeal," so long as the appeal is neither waived nor frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

Meta's appeal is neither waived nor frivolous. The district court did not certify that it is, and the State AGs did not argue otherwise. The district court nevertheless concluded that trial could proceed here because, in its view, the divestiture rule applies only in qualified immunity cases. But that rule is not so

1

limited. It applies to all interlocutory appeals, including this one. This Court should stay trial on the consumer protection claims until it resolves the pending appeal. The State AGs have indicated they oppose this stay motion.

## BACKGROUND

In October 2023, the State AGs sued Meta asserting claims under their respective consumer protection statutes and under the Children's Online Privacy Protection Act. With respect to the consumer protection claims—the only claims at issue in this appeal—the State AGs allege, among other things, that certain "design features" of Facebook and Instagram—such as infinite scroll, autoplay, ephemeral content, notifications, and recommendation algorithms—violated those statutes. The claims at issue on appeal rest on two primary theories: an "unfairness" theory, which asserts that Meta engaged in unfair business practices by "designing" Facebook and Instagram to be "addictive," and a "deception" theory, which claims that Meta violated state law by omitting or failing to warn users about alleged harms related to these design features.

Meta moved to dismiss the State AGs' claims. Relevant here, Meta argued that Section 230 barred the State AGs' consumer protection theories because they "overwhelmingly seek to hold Meta liable for its decisions about whether and how to publish third-party content." Meta's Motion to Dismiss the Multistate AG Complaint, ECF 83 at 20. As to the unfairness theory, Meta argued that the features-

2

based attacks sought to impose liability on Meta for engaging in traditional publishing activity, such as deciding whether, how, and when to publish third-party content, and how much of such content to publish. *Id.* at 21-23. As to the omissions theory, Meta argued that it would impose liability for failing to warn of Section 230-protected publishing activities. *Id.* at 23-25. Were it otherwise, Meta explained, parties could "simply repackage impermissible claims involving alleged harm from third-party content as an omission claim." *Id.* at 23.

The district court granted in part and denied in part Meta's motion to dismiss. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849 (N.D. Cal. 2024) ("*Multistate Order*"). Following its November 2023 ruling in the multidistrict personal injury lawsuit, *see In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809 (N.D. Cal. 2023), the district court dismissed as barred by Section 230 the State AGs' unfairness theory as to certain design features because it would treat Meta as a publisher of third-party content. *Multistate Order*, 753 F. Supp. 3d at 880-82. The district court then construed the State AGs' omissions-based deception claim as a failure-to-warn claim and refused to dismiss it, even though the claim alleged a failure to warn of Section 230-protected publishing activity. *Id.* at 886, 889 (discussing *Est. of Bride ex rel. Bride v. Yolo Techs, Inc.*, 112 F.4th 1168, 1180 (9th Cir. 2024)).

3

Meta timely appealed, invoking the collateral order doctrine to review the denial of Section 230 immunity on the failure-to-warn claim. Meta's Nov. 14, 2024 Notice of Appeal, ECF 140. The State AGs conditionally cross-appealed, seeking review of the district court's determination that Section 230 barred the State AGs' unfairness claims regarding certain "design features," State AGs' Nov. 27, 2024 Notice of Cross-Appeal, ECF 146, and moved to dismiss Meta's appeal, arguing that the collateral order doctrine was an improper vehicle for such review, *see* Dkt. 36.1. This Court denied the motion to dismiss without prejudice and set a briefing schedule. Dkt. 82.1. This Court heard oral argument on January 6, 2026. The appeal remains pending.

At the July 17, 2026 Final Pretrial Conference, the district court denied Meta's request to stay the trial of the State AGs' consumer protection claims pending resolution of Meta's interlocutory appeal. *See* ECF 485 at 2 ("For the reasons discussed more fully on the record at the pretrial conference, Meta's request to stay the trial in this case is DENIED."); *see also* July 17, 2026 CMC Tr. at 36:20-22 ("The request for – to stay the trial is denied.") (attached as Mosier Decl. Ex. 1). The district court did not certify that Meta's appeal was frivolous. July 17, 2026 CMC Tr. at 28:1-15. The court instead concluded that it retained jurisdiction, notwithstanding the pending appeal, because the jurisdiction-divestiture rule is limited to qualified immunity cases. *Id.* at 36:19-22. In denying the stay, the district

4

court invited Meta to seek a stay from this Court. *Id.* at 27:16-18 ("I'm not staying the trial. If you want to go to the Ninth Circuit, go to the Ninth Circuit.").

Absent a stay, the trial will begin on August 12, 2026.

## ARGUMENT

### I. This Court Should Stay Trial on the Consumer Protection Claims.

Filing a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58; *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). Once an appeal is filed, a district court may conduct only proceedings that do not implicate "the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). The divestiture rule exists "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984).

Applying this rule in the context of a collateral order appeal from the denial of qualified immunity, this Court held that "where ... the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial" over that claim. *Chuman*, 960 F.2d at 105. To address concerns that parties might attempt to delay trial by filing meritless appeals, this Court explained that "[s]hould the district court find that the defendants' claim of [] immunity is frivolous or has been waived, the district court may certify, in writing, that

5

defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id.* But "[i]n the absence of such certification, the district court is *automatically* divested of jurisdiction to proceed with trial pending appeal." *Id.* (emphasis added). Because the district court made no such certification, this Court stayed the trial pending resolution of the appeal. *Id.*

This Court should do the same here. In denying Meta's request for a stay, the district court did not certify that Meta's appeal is waived or frivolous. Nor did the State AGs move for such a certification or even argue that Meta's appeal is waived or frivolous. Rather, the State AGs have argued only that the collateral order doctrine was an improper vehicle to review Section 230's application. *See* Dkt. 36.1; *see also* Jan. 14, 2025 State AGs' Mot. to Certify For Interlocutory Appeal, ECF 166 at 7 n.2 ("The State AGs did not argue [in the motion to dismiss Meta's appeal] that the Ninth Circuit should not consider the Court's Section 230 rulings before trial; rather, they argued only that the collateral order doctrine was an improper vehicle for such review.").

The State AGs have never argued that Meta's appeal is waived or frivolous because it is neither. Meta did not waive its Section 230 immunity. A defendant may "waive or forfeit their right not to be tried" if they "wait too long" to assert their immunity or appeal its denial. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989); *see also Chuman*, 960 F.2d at 105 (discussing *Apostol*). But from the earliest

6

stages of this litigation, Meta has repeatedly asserted that Section 230 immunity bars claims like the State AGs' failure-to-warn claim because it would impose liability on Meta for failing to warn of Section 230-protected publishing activity. *See, e.g.*, ECF 83 at 20-25. Meta then immediately appealed the district court's denial of its Section 230 immunity. *See* ECF 140. Meta did not waive its right to appeal.

Nor is Meta's appeal frivolous. An appeal "is frivolous if the result is obvious, or the arguments of error are wholly without merit." *Wilcox v. Comm'r of Internal Revenue*, 848 F.2d 1007, 1009 (9th Cir. 1988); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (same). "The standard for a frivolous appeal is quite high, ... and a party's mere disagreement with the merits ... does not constitute frivolousness." *Rafique v. Premier Fin. All., Inc.*, 2025 WL 1073767, at *1 (N.D. Cal. Mar. 12, 2025) (cleaned up). Under this Court's decision in *Bride* and other authority, the State AGs' failure-to-warn claim should have been dismissed because the duty Meta allegedly violated derives from its status or conduct as a "publisher." *See* 112 F.4th at 1176; *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101-02 (9th Cir. 2009), *as amended* (Sept. 28, 2009). But even if this Court's precedent does not compel that result, as the district court acknowledged, "the law is still developing" on how Section 230 interacts with failure-to-warn claims like the State AGs', and the State AGs' "novel" theories "test the boundaries of an area of law in some flux." *Multistate Order*, 753 F. Supp. 3d at 885, 889. At minimum,

7

Meta's arguments are not "wholly without merit." *Wilcox*, 848 F.2d at 1009. Even if the panel concludes there is no jurisdiction over the appeal, until it issues its mandate, the district court is divested of jurisdiction.

Rather than staying trial, the district court concluded that *Chuman* was inapposite because it involved an interlocutory appeal on an issue of qualified immunity. *See* July 17, 2026 CMC Tr. at 28:1-15. The district court was incorrect. The divestiture rule is not limited to qualified immunity appeals, as the Supreme Court has made clear. For example, the Supreme Court in *Coinbase* applied the rule to an interlocutory appeal challenging the denial of a motion to compel arbitration. 599 U.S. at 740. The *Coinbase* Court relied on *Griggs*, which applied the divestiture rule to an appeal from a final judgment in a civil case. *Id.* (citing *Griggs*, 459 U.S. at 58). In *Chuman* itself, this Court stated the governing legal principle in general terms: "[W]here ... the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." 960 F.2d at 105. And this Court has applied the rule outside of the qualified immunity context, including to double jeopardy and separation of powers. *See, e.g.*, *United States v. LaMere*, 951 F.2d 1106, 1109 (9th Cir. 1991) (double jeopardy); *Claiborne*, 727 F.2d at 851 (separation of powers).

8

In sum, just as in *Chuman*, the Court should stay trial pending resolution of this appeal because the district court has not—and could not—certify that the appeal is waived or frivolous.

## II.    The State AGs' Arguments for Proceeding to Trial Lack Merit.

At the district court, the State AGs advanced two arguments for proceeding to trial notwithstanding the pending appeal. *See* Agenda and Joint Statement for July 17, 2026 Final Pretrial Conference (MDL AG Action), ECF 470 at 3-4. Neither has merit. *First*, the State AGs contend that the trial would not involve issues currently before this Court because they have never asserted a failure-to-warn claim. But as the district court recognized, the State AGs press omissions-based claims, such as "failure to disclose," that sound in the same register as failure to warn and implicate the same Section 230 issues on appeal. Additionally, the State AGs' own cross-appeal expands the universe of issues before this Court that are set to be tried because it puts at issue the district court's ruling on the unfairness claim. *Second*, the State AGs suggest that any error in proceeding to trial would be "harmless." But that does not give the district court license to ignore the jurisdiction-divestiture rule. The district court should not be permitted to err based on speculation that this Court would ultimately conclude that the error was harmless.

### A.  The Trial Would Involve Issues Currently Before This Court.

The State AGs argued that the trial would not involve issues before this Court because Meta's appeal involved failure-to-warn claims, but "[t]he State AGs do not bring failure to warn claims." ECF 470 at 3.  That argument is doubly flawed.  *First*, as the district court recognized, the State AGs press omissions-based deception claims, such as "failure to disclose," that are in effect failure-to-warn claims.  The State AGs' omissions-based deception claims thus implicate the Section 230 issues that are currently on appeal.  *Second*, the argument ignores the State AGs' own cross-appeal, which they have recognized would "impact [their] ability to go to trial." 2/12/25 Tr. at 48:21-23.  By cross-appealing, the State AGs have put at issue the district court's Section 230 ruling on the unfairness claim.  And yet, the State AGs claim a trial on both can proceed.  The jurisdiction-divestiture rule forbids that result.

*First*, the issue before this Court is whether the district court erred in denying Meta's motion to dismiss on the State AGs' omissions-based deception claims, which fault Meta for allegedly failing to warn of risks associated with Section 230-protected publishing activity.  *See* Dkt. 87.1 at 5.  Although the State AGs attempt to disclaim any failure-to-warn claim, the district court has recognized that their omissions-based deception claims are effectively failure-to-warn claims, and the State AGs have made clear that they intend to press those claims at trial.  For example, in June 2026, they filed an opposition to Meta's motion in limine seeking

10

to preclude evidence or argument related to Meta's alleged omission of or failure to warn of certain information about Section 230-protected publishing activity. June 18, 2026 State AGs' Opp. to Meta's Motion in Limine No. 1, ECF 418. The State AGs assert that such information is probative because it is "central to" their omissions-based deception claims. *Id.* at 1. And in July 2026, the State AGs proposed jury instructions providing that Meta violated state consumer protection laws by "failing to disclose material information about its ... services" to users. July 9, 2026 Proposed Jury Instructions, ECF 459-1 at 45 (Colorado – "Failure to Disclose" Claim). These are the same issues before this Court.

*Second*, the State AGs' conditional cross-appeal impacts their ability to press ahead with trial on their consumer protection claims. In their cross-appeal, the State AGs have placed at issue whether the district court properly dismissed portions of those claims—namely, whether Section 230 bars the State AGs' unfairness claim as to certain "design features." Dkt. 118.1 at 2. By broadening the issues on appeal to include additional aspects of the consumer protection claims, the State AGs have further divested the district court of jurisdiction on those claims.

Because the State AGs seek to try the same issues pending before this Court, the trial should be automatically stayed.

**B.** **Trial Should Not Proceed Based on Speculation That Any Error Would Be Harmless.**

The State AGs argued that "[t]he 'divestiture of jurisdiction rule ... is a judge made rule,' not a true jurisdictional bar" such that a trial on the same issues on appeal could proceed. *See* ECF 470 at 3-4 (quoting *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018)). Were the district court to commit "error in following [the Ninth] circuit's divestiture procedure," the State AGs contend, it would be reviewed for "harmless error" alone. *Id.* (quoting *Rodriguez*, 891 F.3d at 791). But the existence of a harmless-error safety valve for appellate review does not empower district courts to ignore settled procedural rules like the jurisdiction-divestiture rule.

*Rodriguez* cannot bear the weight the State AGs place on it. In *Rodriguez*, the district court permitted a case to go to trial even though the defendants had filed an interlocutory appeal challenging the denial of qualified immunity. 891 F.3d at 788. This Court stressed the "significance" of the district court's error "of proceeding to trial ... while the interlocutory appeal was pending" because of the potential to "waste tremendous time and resources." *Id.* at 791 (citing, *e.g.*, *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009)). But this Court ultimately reviewed the error for harmlessness because it lacked jurisdiction over the interlocutory appeal. *Id.* Although this Court had issued a show cause order "inviting" the defendants "to identify the issues, if any, over which [the Court] had jurisdiction," the defendants "either relied on disputed facts or made conclusory assertions insufficient to show

12

that they had a colorable claim to qualified immunity." *Id.* at 791-92. The error was harmless only because this Court never had jurisdiction in the first place. *Id.*

Additionally, the case is distinguishable. In *Rodriguez*, qualified immunity turned on a fact-dependent inquiry about whether constitutional rights were "clearly established" at the time of the alleged violation, and the defendants failed to make the required showing. *See* 891 F.3d at 794. Here, Section 230's application presents a purely legal question. And unlike in *Rodriguez*, where defendants "relied on disputed facts ... to show that they had a colorable claim," *id.* at 792, Meta's appeal involves pure questions of law about how this Court's Section 230 precedent applies to failure-to-warn claims. Because this Court has jurisdiction over Meta's appeal, the State AGs' reliance on *Rodriguez* is misplaced.

*Rodriguez* is also difficult to square with the Supreme Court's recent reaffirmation of the *Griggs* jurisdiction-divestiture rule in *Coinbase*. There, the Supreme Court held that a district court must automatically stay its proceedings while an interlocutory appeal on arbitrability is ongoing. 599 U.S. at 740. The Court reaffirmed that the jurisdiction-divestiture rule is "a longstanding tenet of American procedure" and explained that an interlocutory appeal "without an automatic stay" of the district court's consideration of the issues on appeal was "like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible." *Id.* at 740, 743. And the Court repeated its warning that

13

allowing issues to "proceed simultaneously in the district court and the court of appeals creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that" may result in inconsistent (and reversible) judgments. *Id.* The divestiture rule applies here.

\* \* \* \*

Absent a district court's written certification that an appeal is waived or frivolous, "the district court is automatically divested of jurisdiction to proceed with trial" on the claims at issue. *Chuman*, 960 F.2d at 105. This case is no different. Were the district court to proceed to trial on the State AGs' consumer protection claims, it would risk wasting judicial and party resources, creating confusion by rendering inconsistent judgments, and eventual vacatur. *See, e.g.*, *Coinbase*, 599 U.S. at 743-44; *Claiborne*, 727 F.2d at 850. This Court should stay the trial.

14

## CONCLUSION

For the foregoing reasons, this Court should stay trial on the State AGs' consumer protection claims pending resolution of Meta's interlocutory appeal. Meta respectfully requests that the Court grant such relief by August 11, 2026—the day before trial is supposed to begin—and that the Court issue an expedited briefing schedule to facilitate a ruling by that date.

DATED:     July 22, 2026

*/s/ Mark W. Mosier*
Mark W. Mosier

*Counsel for Defendants-Appellants Meta Platforms, Inc., et al.*

15

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of F.R.A.P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,412 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, Version 2402 in 14-point font, Times New Roman.

DATED:    July 22, 2026          */s/ Mark W. Mosier*
                                 Mark W. Mosier

                                 *Counsel for Defendants-Appellants*
                                 *Meta Platforms, Inc., et al.*

16