Nos. 24-7032, 24-7037, 24-7300, 24-7304, 24-7312, 24-7265

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

*Plaintiffs – Appellees*,

– and –

STATE OF NORTH DAKOTA, and STATE OF GEORGIA,

*Plaintiffs*

v.

META PLATFORMS, INC. et al.,

*Defendants – Appellants*.

and Consolidated Cases

_____

## META'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY
## STATE AG TRIAL PENDING RESOLUTION OF THIS APPEAL

## RELIEF REQUESTED BY AUGUST 11, 2026

_____

James P. Rouhandeh
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

Paul W. Schmidt
Mark W. Mosier
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
mmosier@cov.com

*Counsel for Defendants-Appellants Meta Platforms, Inc. et al.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ....................................................................................................... 2

I.     The District Court Lacks Jurisdiction to Try the Consumer Protection Claims. .......................................................................................................... 2

II.    The District Court Cannot Proceed to Trial Based on a Waiver Theory. ............................................................................................................. 4

III.   The State AGs' Other Arguments Fail. ........................................................ 8

      A.     The Trial Would Involve Issues Currently Before This Court. ........... 8

      B.     The Equities Do Not Support Proceeding to Trial While the Appeal Is Pending. .................................................................................. 9

CONCLUSION ................................................................................................. 11

CERTIFICATE OF COMPLIANCE ................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) ...............................................................7

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ...............................................................8

*Bride v. Yolo Techs., Inc.*,
  112 F.4th 1168 (9th Cir. 2024) ...........................................................8, 9

*Carafano v. Metrosplash.com, Inc.*,
  339 F.3d 1119 (9th Cir. 2003) .............................................................10

*Chuman v. Wright*,
  960 F.2d 104 (9th Cir. 1992) ...........................................................1, 2, 3

*City of Los Angeles v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) .................................................................9

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023).............................................................. 2-5, 7, 10

*Doe v. Grindr Inc.*,
  128 F.4th 1148 (9th Cir. 2025) .............................................................9

*In re Facebook, Inc.*,
  625 S.W.3d 80 (Tex. 2021)....................................................................9

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) .............................................................10

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982)................................................................................2

*Hill v. Blind Industries & Services of Maryland*,
  179 F.3d 754 (9th Cir. 1999) .............................................................6, 7

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*,
  136 F.3d 537 (7th Cir. 1998) .................................................................6

*InfoSpan, Inc. v. Emirates NBD Bank PJSC*,
  903 F.3d 896 (9th Cir. 2018) .................................................................6

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ...................................................10, 11

*Nascimento v. Dummer*,
  508 F.3d 905 (9th Cir. 2007) ...............................................................4

*Ruby v. Sec'y of Navy*,
  365 F.2d 385 (9th Cir. 1966) ...............................................................4

**Statute**

Communications Decency Act, 47 U.S.C. § 230 .........................................1-5, 7-10

**INTRODUCTION**

The State AGs concede that filing an interlocutory appeal ordinarily divests the district court of jurisdiction over the issues on appeal. A district court may proceed only if it certifies that the appeal is frivolous or waived. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). But the State AGs do not argue that Meta's appeal is either. The State AGs nevertheless urge the Court to permit the consumer protection claims to proceed to trial before the appeal is resolved, but they offer no good reason for permitting that result.

The State AGs' principal argument is that a district court must certify frivolousness or waiver only when the defendant invokes an immunity from suit; otherwise, the court may proceed if it is "clear" the appeal concerns a non-appealable order. That argument fails three times over. The certification requirement applies to all interlocutory appeals. Even if the rule were limited to immunity appeals, it would apply here because Meta is invoking an immunity from suit under Section 230. And it is anything but "clear" that Meta's appeal concerns a non-appealable order: this Court denied the State AGs' motion to dismiss the appeal on March 3, 2025, set a full briefing schedule at that time, heard argument on January 6, 2026, and has not yet ruled on the issue.

The State AGs' remaining arguments fare no better. They contend Meta waived its objection by participating in pretrial proceedings—but Meta has

1

consistently objected to trial while this appeal has been pending, and complying with scheduling orders is not waiver. The State AGs contend that they are not pressing any failure-to-warn claims—but the district court treated their omissions-based claims as failure-to-warn claims, and Section 230 cannot be evaded through semantics. And they invoke the equities—but the Supreme Court has made clear that the divestiture rule "applies regardless" of the ordinary stay factors. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 746-47 (2023). The Court should stay the trial.

## ARGUMENT

### I. The District Court Lacks Jurisdiction to Try the Consumer Protection Claims.

The jurisdiction-divestiture rule is straightforward. When an interlocutory appeal is filed, it divests the district court of jurisdiction over the issues on appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). A district court may regain jurisdiction by certifying that the appeal is frivolous or waived. *Chuman*, 960 F.2d at 105. Absent certification, "the district court is *automatically* divested of jurisdiction to proceed with trial pending appeal." *Id.* (emphasis added). The State AGs never sought certification of frivolousness or waiver, and they do not argue frivolousness or waiver now. Because no such certification exists, the district court has been automatically divested of jurisdiction over a trial of the same issues on appeal.

2

The State AGs contend that trial on the consumer protection claims may proceed because the certification requirement applies only when the defendant has invoked an immunity from suit that triggers the collateral-order doctrine. Opp. 6. For other appeals, the State AGs contend, a district court retains jurisdiction, notwithstanding the filing of a notice of appeal, where it is "clear" that a party is attempting to appeal a non-appealable order. Opp. 3-4, 6-7. These arguments fail for three independent reasons.

*First*, the divestiture rule applies to all interlocutory appeals, not just immunity appeals. The Supreme Court's recent decision in *Coinbase* confirms this. 599 U.S. at 744-45. *Coinbase* involved an interlocutory appeal from the denial of a motion to compel arbitration—not an immunity appeal—yet the Court applied the same automatic-stay rule. *Id.* at 738, 742. Absent a certification of frivolousness, the Court held, district courts "must automatically stay their proceedings while the interlocutory appeal is ongoing." *Id.* at 742 & n.4 (citing, *e.g.*, *Chuman*, 960 F.2d at 105). The State AGs never even mention *Coinbase*, let alone explain how their narrow divestiture rule is consistent with Supreme Court precedent.

*Second*, the State AGs contend that certification under *Chuman* is necessary "only if a defendant has invoked an immunity from suit that triggers the collateral-order doctrine." Opp. 6. But that is precisely what Meta has done. From the earliest stages of this litigation, Meta has repeatedly asserted that Section 230 provides

3

immunity from suit by barring the State AGs' failure-to-warn claims, which would impose liability on Meta for failing to warn of Section 230-protected publishing activity. *See* Mot. 6-7. Meta then timely appealed the denial of that immunity. *Id.*

*Third*, even under the State AGs' own test, the district court lacks jurisdiction. The State AGs invoke pre-*Coinbase* authority for the proposition that the district court may proceed where it is "clear" that an appeal concerns a non-appealable order. Opp. 3-4, 6-7 (citing *Ruby v. Sec'y of Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) and *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007)). But *Ruby* and *Nascimento* involved facially defective notices of appeal—an issue not present here. *See Ruby*, 365 F.2d at 389; *Nascimento*, 508 F.3d at 908. In any event, it is anything but "clear" that Meta's appeal concerns a non-appealable order. A motions panel of this Court denied the State AGs' motion to dismiss the appeal for lack of jurisdiction and set a full briefing schedule. *See* Dkt. 82.1; Opp. 5. Where this Court has entertained the appeal on the merits, appealability cannot be "clear[ly]" absent.

## II. The District Court Cannot Proceed to Trial Based on a Waiver Theory.

Unable to avoid the jurisdiction-divestiture rule, the State AGs argue that Meta waived any objection to trial through its litigation conduct. Opp. 8-11. That argument is belied by the record.

Meta has consistently maintained that trial could not proceed until this Court resolved the pending appeals. For the past year—*and before a trial date was even*

4

*set*—Meta has repeatedly argued that the State AG trial "should not proceed until the Ninth Circuit resolves the collateral order appeal and cross-appeals." Aug. 22, 2025 CMC Statement, ECF 2191 at 10; *see also* July 18, 2025 CMC Statement, ECF 2104 at 5-6 ("Perhaps more importantly, trials in these cases should not proceed until the Ninth Circuit resolves the pending collateral order appeal and cross-appeals."); July 17, 2026 CMC Tr. at 28:1-31:13 (colloquy regarding district court's jurisdiction at final pretrial conference) (available at Dkt. 190.2).[1]

Meta has argued no trial could proceed for good reason. Proceeding to trial in violation of the jurisdiction-divestiture rule wastes judicial and party resources. As the Supreme Court explained in *Coinbase*, allowing trial on issues subject to an interlocutory appeal "creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters" on proceedings that may prove unnecessary. 599 U.S. at 743. Proceeding to trial also risks inconsistent judgments and eventual vacatur. *Id.* at 743-44. If the trial proceeds, but this Court subsequently determines that Section 230 bars some or all of the claims, the judgment will need to be vacated—rendering what is anticipated to be a seven-week trial a nullity.

---

[1] The State AGs have similarly admitted their cross-appeal would "impact [their] ability to go to trial." Feb. 12, 2025 CMC Tr. at 48:21-23.

Meta's participation in pretrial proceedings does not waive the jurisdictional argument. *See* Opp. 8-11. The district court expected the parties "to proceed with filing MSJs and Rule 702 motions on all issues by the dispositive motions deadline without waiting for the Ninth Circuit to resolve the appeals." Aug. 22, 2025 CMC Statement, ECF 2191 at 11. Given those circumstances, Meta took the position that the district court could "hold any ruling in abeyance or issue an indicative ruling" under Federal Rule of Civil Procedure 62.1—actions that, unlike a trial, would not violate the divestiture rule. *Id.* A party does not waive a jurisdictional objection by complying with a court's scheduling orders while consistently objecting to trial. *See, e.g.*, *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("There is no merit to the plaintiffs' argument that SunAmerica waived its defense to personal jurisdiction by participating in the litigation on the merits, since it did so at the direction of the district judge after having raised the defense in a timely fashion."); *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 899 (9th Cir. 2018) (similar).

The State AGs' cases do not support their waiver theory. They rely on *Hill v. Blind Industries & Services of Maryland*, 179 F.3d 754 (9th Cir. 1999), to argue that Meta "manifested acceptance of the federal court's jurisdiction" by participating in pretrial activities. Opp. 8-9. But in *Hill*, the defendant did not seek an interlocutory appeal and failed to raise its immunity defense in its motion to dismiss or its answer,

waiting until "the first day of trial." 179 F.3d at 756, 756-59. Meta, by contrast, has asserted Section 230 immunity from the earliest stages of this litigation, *see* Mot. 6-7, and has repeatedly argued that trial should not proceed until the pending appeals are resolved. *See supra* p. 5.

Nor do the State AGs find support in the arbitration case law they cite. *See* Opp. 11. Jurisdictional divestiture is fundamentally different from arbitration. Jurisdictional divestiture imposes an *automatic* limitation on the district court's jurisdiction over an issue. *Coinbase*, 599 U.S. at 741. This limit attaches regardless of a party's request or demand. If a party contends that jurisdictional limitation is improper, the burden rests with them to move the district court to certify the appeal as frivolous or waived. *See, e.g.*, *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). The right to compel arbitration, however, can be waived by litigating because "whether [a] case belongs in arbitration" is fundamentally a question about "whether [a] case belongs … in the district court" at all. *Coinbase*, 599 U.S. at 741. Thus choosing to litigate could constitute waiver of an arbitration right because a party should not be permitted to test its luck in court and then demand an alternate, extra-judicial forum.

**III.    The State AGs' Other Arguments Fail.**

In a final attempt to avoid the jurisdiction-divestiture rule, the State AGs assert that they do not bring failure-to-warn claims and dispute that the equities warrant a stay.  *See* Opp. 12-19.  Both arguments fail.

**A.    The Trial Would Involve Issues Currently Before This Court.**

The State AGs do not dispute that the district court treated their omissions-based deception claims as failure-to-warn claims.  Mot. 10; Opp. 13.  Nor do they respond to the fact that their proposed jury instructions press failure-to-warn theories.  *See* Mot. 10-11.  Instead, the State AGs rely on semantics, arguing that they "are not bringing the failure-to-warn claims that Meta has appealed."  Opp. 12.  Section 230 cannot be evaded so easily.

As this Court has repeatedly stressed, in applying Section 230, "what matters is not the name of the cause of action … [but] whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another."  *Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1176 (9th Cir. 2024) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009)).  The State AGs' omissions-based deception claims do exactly that: They would impose a duty on Meta to warn users of Section 230-protected publishing activity.  *See* Dkt. 87.1 at 34-45.  At base, the State AGs assert that Meta is liable because it failed to warn users of the dangers of using Facebook and Instagram.  That "theory of

liability, while phrased in terms of [Meta's] omissions, would in reality hold the company liable" for publishing activity. *In re Facebook, Inc.*, 625 S.W.3d 80, 93 (Tex. 2021). Section 230 bars that result. *See Bride*, 112 F.4th at 1179-80; *see also Doe v. Grindr Inc.*, 128 F.4th 1148, 1154 (9th Cir. 2025).

Nor can the State AGs so easily dismiss the consequences of filing a cross-appeal. The State AGs dismiss the relevance of their cross-appeal by arguing the unfairness claims "were dismissed" and thus "will not be presented at trial." Opp. 15. But that misses the point. The cross-appeal necessarily broadens the universe of Section 230 issues before this Court. If this Court were to determine that Section 230 does not bar the unfairness claims targeting certain of Meta's "design features," it would directly affect the scope of the claims at trial.[2]

## B. The Equities Do Not Support Proceeding to Trial While the Appeal Is Pending.

The State AGs contend that Meta seeks a discretionary stay and that the equities do not support such relief. Opp. 16. That misunderstands Meta's argument.

Meta has consistently asserted that the district court lacks jurisdiction to try the consumer protection claims while the collateral-order appeal remains pending.

---

[2] The State AGs' reliance on *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001), is misplaced. There, the issue was whether the district court retained jurisdiction to rescind its prior order certifying an issue for appeal. *Id.* at 884. Meta did not seek certification under 1292(b) here. Rather, it filed a notice of appeal under the collateral order doctrine.

*See supra* Part II.  The Supreme Court has made clear that the jurisdiction-divestiture rule "applies regardless" of the "ordinary discretionary stay factors" because a stay is automatic.  *Coinbase*, 599 U.S. at 746-47.  An interlocutory appeal "without an automatic stay" is "like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible."  *Id.* at 740, 743.

But even if the Court were to balance the equities, they favor a stay.  Courts consider "the hardship or inequity" a party may suffer absent a stay, "the possible damage which may result from the granting of a stay," and "the orderly course of justice."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  Each factor supports Meta.

The hardship to Meta is clear.  If trial proceeds, Meta will be forced to bear the burden of litigating claims for which Section 230 provides immunity.  This Court has held that "section 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles."  *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc).  Forcing Meta to trial on claims for which it is immune represents the forced relinquishment of that immunity—irreparable harm by definition.  *See, e.g.*, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123-25 (9th Cir. 2003) (Section 230 provides "immunity from suit"); *Roommates.Com*,

10

521 F.3d at 1174 ("We must keep firmly in mind that this is an immunity statute we are expounding[.]").

The State AGs, by contrast, would suffer no harm from a stay. They invoke *Lockyer* to argue that delay would harm "both the sovereign interests of the States and the consumers they seek to protect." Opp. 18. But there, the stay was pending an entirely separate proceeding, with no clear endpoint. Here, the stay would last only until this Court issues its mandate on an appeal argued in January. A brief delay will not prejudice them.

Finally, a stay would promote the orderly course of justice. This Court's resolution of the appeal could narrow the claims at trial, sparing the parties the burden of presenting evidence and defenses on issues that may prove moot. A stay would preserve—not "squander"—the courts' and parties' investment in this case. *Cf.* Opp. 18.

## CONCLUSION

Trial is set to begin on August 12. Before that happens, this Court should stay trial on the consumer protection claims pending resolution of this appeal.

DATED:  August 5, 2026          */s/ Mark W. Mosier*
                                Mark W. Mosier

                                *Counsel for Defendants-Appellants Meta Platforms, Inc. et al.*

11

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of F.R.A.P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,598 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, Version 2402 in 14-point font, Times New Roman.

DATED:    August 5, 2026            */s/ Mark W. Mosier*
Mark W. Mosier

*Counsel for Defendants-Appellants Meta Platforms, Inc. et al.*