**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA; STATE OF KENTUCKY; STATE OF KANSAS, State of Kansas ex rel. Kris W. Kobach, Attorney General; STATE OF ILLINOIS; STATE OF LOUISIANA; STATE OF SOUTH CAROLINA, ex rel. Alan Wilson; STATE OF INDIANA; STATE OF WISCONSIN; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF NEW JERSEY, Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs; STATE OF NEBRASKA, ex rel. Michael T. Hilgers, Attorney General; STATE OF DELAWARE; STATE OF MINNESOTA, by its Attorney General, Keith Ellison; STATE OF NORTH CAROLINA, ex rel Joshua H. Stein Attorney General; STATE OF PENNSYLVANIA; STATE OF VIRGINIA; STATE OF NEW YORK, <br><br> Plaintiffs - Appellees, <br><br> STATE OF NORTH DAKOTA, ex rel. Drew H. Wrigley, STATE OF GEORGIA, ex rel. Christopher M. Carr, <br><br> Plaintiffs, <br><br> v. | No. 24-7032 <br><br> D.C. Nos. <br> 4:23-cv-05448-YGR <br> 4:22-md-03047-YGR <br><br><br> OPINION |

META PLATFORMS, INC.; META
PAYMENTS, INC.; META PLATFORMS
TECHNOLOGIES, LLC; INSTAGRAM,
INC.,

          Defendants - Appellants.

---

PERSONAL INJURY PLAINTIFFS;
LOCAL GOVERNMENT AND SCHOOL
DISTRICT PLAINTIFFS; MULTISTATE
ATTORNEY GENERAL PLAINTIFFS;
FLORIDA OFFICE OF THE ATTORNEY
GENERAL,

          Plaintiffs - Appellees,

  v.

META PLATFORMS, INC., f/k/a
Facebook, Inc.; META PAYMENTS, INC.;
META PLATFORMS TECHNOLOGIES,
LLC, f/k/a Facebook Technologies, LLC;
INSTAGRAM, INC.; FACEBOOK
HOLDINGS, LLC; FACEBOOK
OPERATIONS, LLC; FACEBOOK
PAYMENTS, INC., is a Delaware
Corporation; SICULUS, INC., is a
Delaware Corporation,

          Defendants - Appellants,

SNAP INC., TIKTOK, INC., MARK
ZUCKERBERG, YOUTUBE, LLC,
GOOGLE LLC, ALPHABET INC.,
TIKTOK, LLC, TIKTOK, LTD., XXVI
HOLDINGS INC, SKYLER STANFORD,
SAUL RODARTE, BYTEDANCE, INC.,
ROBLOX CORPORATION, DISCORD,
INC., ADAM ANAYA, BYTEDANCE,

No. 24-7037
D.C. No.
4:22-md-03047-YGR

2

LTD., WHATSAPP, N. B., individually and on behalf of H.B., MIAMI-DADE COUNTY PUBLIC SCHOOLS, SAN BRUNO PARK SCHOOL DISTRICT, FOREST HILLS SCHOOL DISTRICT, PROVO CITY SCHOOL DISTRICT, HARPURSVILLE CENTRAL SCHOOL DISTRICT, ALPINE SCHOOL DISTRICT, BERKSHIRE HILLS REGIONAL SCHOOL DISTRICT, CHATHAM COUNTY BOARD OF EDUCATION, PUBLIC SCHOOL DISTRICTS,

Defendants.

---

STATE OF COLORADO,

Plaintiff - Appellant,

PEOPLE OF THE STATE OF CALIFORNIA, STATE OF KENTUCKY, STATE OF KANSAS, STATE OF ILLINOIS, STATE OF LOUISIANA, STATE OF SOUTH CAROLINA, STATE OF INDIANA, STATE OF WISCONSIN, STATE OF PENNSYLVANIA, STATE OF VIRGINIA, STATE OF NEW YORK, STATE OF CONNECTICUT, STATE OF NEW JERSEY, STATE OF NEBRASKA, STATE OF DELAWARE, STATE OF MINNESOTA, STATE OF NORTH CAROLINA,

Plaintiffs,

v.

META PLATFORMS, INC.; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; INSTAGRAM,

No. 24-7265
D.C. No.
4:23-cv-05448-YGR

3

24-7032

INC.,

Defendants - Appellees.

MULTISTATE ATTORNEY GENERAL PLAINTIFFS,

Plaintiff - Appellant,

PERSONAL INJURY PLAINTIFFS, LOCAL GOVERNMENT AND SCHOOL DISTRICT PLAINTIFFS, FLORIDA OFFICE OF THE ATTORNEY GENERAL,

Plaintiffs,

v.

META PLATFORMS, INC.; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; INSTAGRAM, INC.; FACEBOOK HOLDINGS, LLC; FACEBOOK OPERATIONS, LLC; FACEBOOK PAYMENTS, INC.; SICULUS, INC.; ADAM ANAYA; ALPHABET INC.; ALPINE SCHOOL DISTRICT; BERKSHIRE HILLS REGIONAL SCHOOL DISTRICT; BYTEDANCE, LTD.; BYTEDANCE, INC.; CHATHAM COUNTY BOARD OF EDUCATION; DISCORD, INC.; FOREST HILLS SCHOOL DISTRICT; GOOGLE LLC; HARPURSVILLE CENTRAL SCHOOL DISTRICT; MARK ZUCKERBERG; MIAMI-DADE COUNTY PUBLIC SCHOOLS; PROVO CITY SCHOOL DISTRICT; PUBLIC SCHOOL DISTRICTS; ROBLOX CORPORATION; SAN BRUNO PARK

No. 24-7300

D.C. No.
4:22-md-03047-YGR

4

24-7032

SCHOOL DISTRICT; SAUL RODARTE; SKYLER STANFORD; SNAP INC.; TIKTOK, INC.; TIKTOK, LLC; TIKTOK, LTD.; WHATSAPP; XXVI HOLDINGS INC; YOUTUBE, LLC; CATO-MERIDIAN CENTRAL SCHOOL DISTRICT; INDIAN RIVER CENTRAL SCHOOL DISTRICT,

   Defendants - Appellees,

N. B.,

   Defendant.

---

PERSONAL INJURY PLAINTIFFS; LOCAL GOVERNMENT AND SCHOOL DISTRICT PLAINTIFFS,

   Plaintiffs - Appellants,

MULTISTATE ATTORNEY GENERAL PLAINTIFFS, FLORIDA OFFICE OF THE ATTORNEY GENERAL,

   Plaintiffs,

 v.

FACEBOOK HOLDINGS, LLC; CATO-MERIDIAN CENTRAL SCHOOL DISTRICT; ADAM ANAYA; ALPHABET INC.; ALPINE SCHOOL DISTRICT; BERKSHIRE HILLS REGIONAL SCHOOL DISTRICT; BYTEDANCE, LTD.; BYTEDANCE, INC.; CHATHAM COUNTY BOARD OF EDUCATION; DISCORD, INC.; FOREST HILLS SCHOOL DISTRICT; HARPURSVILLE CENTRAL SCHOOL DISTRICT; MIAMI-

No. 24-7304
D.C. No.
4:22-md-03047-YGR

5

24-7032

DADE COUNTY PUBLIC SCHOOLS;
PROVO CITY SCHOOL DISTRICT;
ROBLOX CORPORATION; SAUL
RODARTE; SKYLER STANFORD;
META PLATFORMS, INC.; META
PAYMENTS, INC.; META PLATFORMS
TECHNOLOGIES, LLC; INSTAGRAM,
INC.; FACEBOOK OPERATIONS, LLC;
FACEBOOK PAYMENTS, INC.;
SICULUS, INC.; INDIAN RIVER
CENTRAL SCHOOL DISTRICT;
GOOGLE LLC; MARK ZUCKERBERG;
PUBLIC SCHOOL DISTRICTS; SAN
BRUNO PARK SCHOOL DISTRICT;
SNAP INC.; TIKTOK, INC.; TIKTOK,
LLC; TIKTOK, LTD.; WHATSAPP; XXVI
HOLDINGS INC; YOUTUBE, LLC,

Defendants - Appellees.

PERSONAL INJURY PLAINTIFFS;
LOCAL GOVERNMENT AND SCHOOL
DISTRICT PLAINTIFFS; MULTISTATE
ATTORNEY GENERAL PLAINTIFFS;
FLORIDA OFFICE OF THE ATTORNEY
GENERAL,

Plaintiffs - Appellees,

v.

BYTEDANCE, LTD.; BYTEDANCE,
INC.; TIKTOK, INC.; TIKTOK, LLC;
TIKTOK, LTD.,

Defendants - Appellants,

META PLATFORMS, INC., META
PAYMENTS, INC., META PLATFORMS
TECHNOLOGIES, LLC, INSTAGRAM,

No. 24-7312
D.C. No.
4:22-md-03047-YGR

6

24-7032

INC., FACEBOOK HOLDINGS, LLC,
FACEBOOK OPERATIONS, LLC,
ALPINE SCHOOL DISTRICT,
BERKSHIRE HILLS REGIONAL
SCHOOL DISTRICT, CHATHAM
COUNTY BOARD OF EDUCATION,
DISCORD, INC., FOREST HILLS
SCHOOL DISTRICT, GOOGLE LLC,
HARPURSVILLE CENTRAL SCHOOL
DISTRICT, MARK ZUCKERBERG,
MIAMI-DADE COUNTY PUBLIC
SCHOOLS, PROVO CITY SCHOOL
DISTRICT, PUBLIC SCHOOL
DISTRICTS, ROBLOX CORPORATION,
SAN BRUNO PARK SCHOOL
DISTRICT, SAUL RODARTE, SKYLER
STANFORD, SNAP INC., WHATSAPP,
XXVI HOLDINGS INC, YOUTUBE, LLC,
FACEBOOK PAYMENTS, INC.,
SICULUS, INC., CATO-MERIDIAN
CENTRAL SCHOOL DISTRICT, INDIAN
RIVER CENTRAL SCHOOL DISTRICT,
ADAM ANAYA, ALPHABET INC.,

Defendants.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, Chief District Judge, Presiding

Argued and Submitted January 6, 2026
San Francisco, California

Before: Jacqueline H. Nguyen and Mark J. Bennett, Circuit Judges, and Kiyo A. Matsumoto, District Judge.[*]

---

[*] The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

7                                                    24-7032

Opinion by Judge Nguyen

NGUYEN, Circuit Judge:

Meta Platforms, Inc., and several related entities (collectively, "Meta"),[1] appeal the district court's rulings denying in part their motions to dismiss several claims based on their asserted "immunity" under section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230. Because section 230 merely provides a defense to liability—not immunity from suit—we lack appellate jurisdiction to review the district court's rulings on an interlocutory basis. Therefore, we dismiss Meta's and TikTok's appeals and plaintiffs' conditional cross-appeals.

**I.**

We set forth the factual allegations and procedural history only briefly given that the dispositive jurisdictional issue turns on a question of law. The multidistrict litigation in the district court involves thousands of lawsuits alleging that Meta's social media platforms Facebook and Instagram "encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content."

---

[1] ByteDance Ltd. and other entities related to the TikTok app (collectively, the "TikTok" entities) also appeal. The TikTok entities have not independently briefed any of the issues and merely join in Meta's arguments.

The district court organized the litigation into five tracks: (1) priority claims brought by individual plaintiffs for personal injuries; (2) claims brought by state attorneys general and three related non-priority claims brought by individual plaintiffs; (3) the remaining non-priority claims brought by individual plaintiffs; (4) claims brought by school districts and local governments; and (5) claims asserted against Meta CEO Mark Zuckerberg in his individual capacity.

Meta moved to dismiss the first track claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Among other grounds for dismissal, Meta asserted immunity under section 230. The district court granted the motion in part and denied it in part, ruling that section 230 bars some of the claims and only to the extent that they concern allegedly defective platform features targeting Meta's role as a publisher of third-party content.

That ruling is not at issue. Meta moved the district court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b), arguing that there is substantial ground for difference of opinion on the issue of section 230 immunity, but the district court denied the motion.

Meanwhile, Meta moved to dismiss the fourth track claims and most of the second track claims, arguing as relevant here that section 230 bars these claims "in substantial part." The district court "generally denied" these motions and allowed the claims to proceed, but it found that section 230 provides "a fairly significant

9

limitation" on the claims at issue.  As in the order regarding the first track claims, the court found that the design and deployment of many platform features implicated Meta's status as the publisher of third-party content and that section 230 thus bars some claims regarding those features.

This time, Meta did not seek the district court's permission to appeal on an interlocutory basis under § 1292(b); Meta simply appealed.  Meta now asserts that rulings denying section 230 immunity are "collateral" orders it can immediately appeal as of right under 28 U.S.C. § 1291.  The various groups of plaintiffs protectively cross-appealed the partial grant of section 230 immunity, though they dispute our jurisdiction and ask us to dismiss all the appeals.

## II.

In general, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated."  *Dupree v. Younger*, 598 U.S. 729, 734 (2023) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).  This rule is enshrined in our primary jurisdictional statute, which permits us to hear appeals from "final decisions of the district courts."  28 U.S.C. § 1291; *see Gopher Media LLC v. Melone*, 154 F.4th 696, 701 (9th Cir. 2025) (en banc), *cert. denied*, No. 25-1067, 2026 WL 1717993 (U.S. June 15, 2026).

"A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Hall v. Hall*, 584 U.S. 59, 64 (2018) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 183 (2014)). An order denying a motion to dismiss—in whole or in part—does not meet this criterion. *See Boshears v. PeopleConnect, Inc.*, 76 F.4th 858, 860 (9th Cir. 2023) ("Absent a final judgment, we generally lack jurisdiction to review the denial of a Rule 12(b)(6) motion." (citation omitted)). Rather, it is a so-called "interlocutory order." Such orders "do not dispose of the whole case" and "are typically not immediately appealable under § 1291." *Dupree*, 598 U.S. at 734.

However, Congress enacted the final judgment rule with an eye toward the "efficient administration of justice in the federal courts," *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), so we afford § 1291 a "practical construction," *id.* at 867 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Under the collateral order doctrine, we recognize "a narrow class of decisions that do not terminate the litigation, but must, in the interest of 'achieving a healthy legal system,' nonetheless be treated as 'final.'" *Id.* (citation omitted) (quoting *Cobbledick v. United States*, 309 U.S. 323, 326 (1940)).

To satisfy the collateral order doctrine, a district court's decision must (1) "conclusively determine the disputed question"; (2) "resolve an important issue

11

completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment." *Gopher Media*, 154 F.4th at 701 (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). These three requirements, derived from *Cohen*, "are stringent," *id.* (quoting *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 724 (9th Cir. 2017)), lest "the 'narrow' exception . . . swallow the general rule," *Digit. Equip.*, 511 U.S. at 868 (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985)). "If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order exception to § 1291." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

Meta contends that the district court's denial of section 230 immunity is immediately appealable as a collateral order. Because Meta's argument turns on the third *Cohen* factor—whether the district court's decision is "effectively unreviewable on appeal from a final judgment"—we address it first.

## A.

In determining whether an order can be reviewed "effectively" after a conventional final judgment, "we do not engage in an 'individualized jurisdictional inquiry,'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473 (1978)), but instead focus on "the entire category to which a claim belongs," *id.* (quoting *Digit. Equip.*, 511 U.S.

at 868). It is not enough that the issue involves a "right not to stand trial" in the sense that the right "could be enforced appropriately by pretrial dismissal." *Will v. Hallock*, 546 U.S. 345, 351 (2006) (quoting *Digit. Equip.*, 511 U.S. at 873). Because immediate appeals can damage "the efficient and congressionally mandated allocation of judicial responsibility" and open the door to "any improper purpose the appellant might have . . . in saddling its opponent with cost and delay," we "view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digit. Equip.*, 511 U.S. at 873.

"[W]hen asking whether an order is 'effectively' unreviewable if review is to be left until later," *Will*, 546 U.S. at 353, we evaluate "the interests that would be lost through rigorous application of a final judgment requirement," *id.* at 351–52 (quoting *Digit. Equip.*, 511 U.S. at 879). An immediate appeal will lie only if holding a trial would "imperil a substantial public interest," *id.* at 353, or "some particular value of a high order," *id.* at 352. Interests of this magnitude include "honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." *Id.* at 352–53. "A right not to be tried in the sense relevant to the *Cohen* exception" normally "rests upon an explicit statutory or constitutional guarantee that trial will not occur . . . ." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989).

24-7032

In this context, it is important to distinguish between immunity from suit and "immunity" that is a mere defense to liability. *See Geo Grp., Inc. v. Menocal*, 607 U.S. 438, 447 (2026) (describing this distinction as "a ready way of determining whether the denial of a request to dismiss a case can satisfy *Cohen*'s third condition for interlocutory review"). A party asserting immunity from suit "'makes no challenge' to 'the merits of the charge against him'" and "need never say he followed the law, because his claim of immunity does not turn on his conduct's legality." *Id.* at 445 (quoting *Abney v. United States*, 431 U.S. 651, 659 (1977)). Immunity from suit "would be 'effectively lost if a case is erroneously permitted to go to trial.'" *Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 711 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Immunity from liability is "fundamentally different." *Menocal*, 607 U.S. at 445. Broadly speaking, "a party asserting a merits defense in a lawsuit" "advances some reason why his conduct was not unlawful—or said otherwise, why under the law he did nothing wrong." *Id.* This type of defense "can be protected by a post-judgment appeal," and a ruling denying it therefore "do[es] not meet the requirements for immediate appeal under the collateral-order doctrine." *SolarCity*, 859 F.3d at 725.

14                                                                              24-7032

**1.**

Meta does not identify any constitutional interests at stake. It acknowledges that, but for any "immunity from liability for publishing . . . material . . . provided by another party" that section 230 accords, it would not be "treated differently from corresponding publishers in print, television and radio." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003). Consequently, the source of any immunity from suit must be section 230 itself. Although section 230 does not expressly provide for immunity from suit, Meta argues that such immunity should be implied. We disagree.

**a.**

Meta first points to the second sentence of section 230(e)(3), which provides: "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. *No cause of action may be brought and no liability may be imposed* under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3) (emphasis added).

Section 230(e) addresses the statute's "[e]ffect on other laws." *Id.* § 230(e). The statute has "[n]o effect" on federal criminal law, *id.* § 230(e)(1), federal and state laws regarding intellectual property and communications privacy, *id.* § 230(e)(2), (4), or federal civil actions and state criminal prosecutions for sex trafficking, *id.* § 230(e)(5). Section 230(e)(3) similarly provides that the statute

15                                                                           24-7032

has no effect on the enforcement of "any State law that is consistent with . . . section [230]." *Id.* § 230(e)(3). Its restriction on "any State or local law that is inconsistent with . . . section [230]," *id.*, is simply a preemption provision. *See HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 681 (9th Cir. 2019) (explaining that section 230(e)(3) "explicitly preempts inconsistent state laws").

Meta argues that the phrase "[n]o cause of action may be brought" implies immunity from suit because reading it to provide immunity from liability would render the phrase "no liability may be imposed" superfluous. *Id.* § 230(e)(3). Not necessarily. Congress may have included "cause of action" to encompass suits for injunctive and declaratory relief, since "liability" could be read to encompass only damages. At the same time, Congress may have prohibited the imposition of "liability" to encompass orders by state administrative agencies, which may not involve causes of action. Whatever Congress's reason for including both phrases, "sometimes the better overall reading of the statute contains some redundancy," *Atl. Richfield Co. v. Christian*, 590 U.S. 1, 14 n.5 (2020) (simplified) (quoting *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 346 (2019)), such as when "Congress employed a belt and suspenders approach to make sure that *all* . . . lawsuits" are covered, *id.*

Section 230(e)(3) plainly contains some intentional redundancy—the first sentence permits "consistent" state laws while the second sentence prohibits

16

"inconsistent" ones.  The drafting history adds weight to the view that Congress employed a belt and suspenders approach.  In the House bill, where section 230 originated, subsection (e)(3) contained only the first sentence.  *See* H.R. 1555, amend. 744, 104th Cong. (1995), 141 Cong. Rec. H8469 (daily ed. Aug. 4, 1995).  In reconciling a competing bill, the Senate adopted the House proposal "with minor modifications," including what is now the second sentence.  S. Rep. No. 104-230, at 194 (1996) (Conf. Rep.).  It would be surprising if these "minor modifications" included the addition of immunity from suit.

### b.

Meta also points to the policy statements in subsection (b) and the substantive protection in subsection (c)(1), arguing that they help clarify "that Congress intended that the statute afford interactive computer service providers with immunity from suit."  But Meta does not explain how these provisions reveal an intent to provide immunity from suit as opposed to a defense to liability.

In enacting section 230, Congress sought, among other things, to "promote the continued development of . . . interactive computer services," 47 U.S.C. § 230(b)(1), "preserve the vibrant and competitive free market" for such services "unfettered by Federal or State regulation," *id.* § 230(b)(2), "encourage . . . technologies which maximize user control over . . . information," *id.* § 230(b)(3), and "remove disincentives for . . . technologies that empower parents to restrict

their children's access to objectionable or inappropriate online material," *id.* § 230(b)(4). In particular, Congress was concerned with judicial decisions against service providers that, having voluntarily removed some offensive third-party content from their networks, became liable for the third-party content that they failed to remove. *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) (en banc). These decisions "created a perverse incentive not to moderate any offensive content," *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 739 (9th Cir. 2024), and Congress wanted to create Good Samaritan protections for service providers who moderated third party content in good faith, *see Roommates.com*, 521 F.3d at 1163; *see also* S. Rep. No. 104-230, at 194.

To that end, Congress provided that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* § 230(c)(1). This substantive protection "describes a defense, not an immunity." *Menocal*, 607 U.S. at 449.

Section 230(c)(1) pointedly does not provide immunity to internet service providers per se. *See Calise*, 103 F.4th at 740 (observing that the statute "does not 'declare a general immunity from liability deriving from third-party content.'" (simplified) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir.

2009))). It merely renders certain conduct lawful. *See Roommates.com*, 521 F.3d at 1163 ("Section 230 provides . . . protections from civil liability for providers of an interactive computer service for actions to *restrict* access to objectionable online material." (simplified) (quoting H.R. Rep. No. 104-458 (1996) (Conf. Rep.))); *Barnes*, 570 F.3d at 1105 ("[Section 230(c)(1)] shields from liability all publication decisions, whether to edit, to remove, or to post, with respect to content generated entirely by third parties."). Service providers continue to face liability for "the *creation* of content." *Roommates.com*, 521 F.3d at 1163; *see* 47 U.S.C. § 230(e). Courts must "examine each claim to determine whether a plaintiff's '*theory of liability* would treat a defendant as a publisher or speaker of third-party content.'" *Calise*, 103 F.4th at 740 (quoting *Barnes*, 570 F.3d at 1101).

When Congress wants to create immunity from suit, it knows how to say so unequivocally. *See, e.g.*, 15 U.S.C. § 37(b) (providing that "any person subjected to any legal proceeding for . . . relief of any kind" for certain activities "shall have immunity from suit under the antitrust laws, including the right not to bear the cost, burden, and risk of discovery and trial"); *Ozee v. Am. Council on Gift Annuities, Inc.*, 143 F.3d 937, 940 (5th Cir. 1998) (explaining that Congress enacted § 37(b) to allow interlocutory appeals); *see also, e.g.*, 42 U.S.C. § 247d-6d(a)(1) ("PREP Act") ("[A] covered person shall be immune from suit and liability under Federal and State law . . . ."); *Hampton v. California*, 83 F.4th 754, 762 (9th Cir. 2023)

19

(holding that "[a] denial of PREP Act immunity . . . satisfies the collateral order doctrine's requirements" in part "because the PREP Act confers complete immunity from suit"), *cert. denied sub nom.*, *Diaz v. Polanco*, 144 S. Ct. 2520 (2024).

Meta asserts that if Congress had merely intended to enact immunity from liability, "it could have explicitly done so." Perhaps. But that turns the presumption against an immediate appeal on its head. Statutory immunity from suit is "a rare form of protection," *Digit. Equip.*, 511 U.S. at 879, and any "statutory . . . guarantee that trial will not occur" must be "explicit," *id.* at 874 (quoting *Midland Asphalt*, 489 U.S. at 801), or at least invoke a right that "rise[s] to the level of importance needed for recognition under § 1291," *id.* at 878. Section 230 satisfies neither criterion. *Cf. Wyatt v. Cole*, 504 U.S. 158, 168 (1992) (declining to extend to private parties the qualified immunity from suit that government officials may invoke for actions taken in good faith because "the public interest will not be unduly impaired if private individuals are required to proceed to trial to resolve their legal disputes").

**2.**

Meta argues that this court "has repeatedly held that Section 230 confers immunity from suit." It is true that we have used the phrase "immunity" somewhat loosely in our section 230 jurisprudence; although we generally describe it as

"immunity from liability,"[2] we sometimes describe it as "immunity from suit."[3] But none of this usage is binding, because we have never addressed whether the denial of a section 230 defense is a collateral order.  *See Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. 25-5129, 2026 WL 1912093, at *10 (9th Cir. July 2, 2026) ("Cases are not precedential for propositions not considered, or for matters that are simply assumed." (quoting *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022))).

The closest we have come was in *Boshears*, where we dismissed for lack of appellate jurisdiction an interlocutory appeal from the denial of section 230 immunity.  *See* 76 F.4th at 862.  But the appellant did not invoke the collateral

---

[2] *See, e.g.*, *Doe 1 v. Meta Platforms, Inc.*, 174 F.4th 1159, 1166–67 (9th Cir. 2026); *Doe v. Grindr Inc.*, 128 F.4th 1148, 1151 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 319 (2025); *Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 761 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2846 (2025); *Est. of Bride ex rel. Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1179 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1435 (2025); *Calise*, 103 F.4th at 736; *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1044 (9th Cir. 2019); *Roommates.com*, 521 F.3d at 1162; *Batzel v. Smith*, 333 F.3d 1018, 1034 (9th Cir. 2003), *overruled on other grounds by Gopher Media*, 154 F.4th at 701.

[3] *See, e.g.*, *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087, 1090 (9th Cir. 2021) (describing section 230(c)(1) as immunity "from . . . suit" and "from liability"); *Barnes*, 570 F.3d at 1099–1100 (stating that section 230 "protects certain internet-based actors from certain kinds of lawsuits" and that it "protects from liability"); *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1173, 1175 (9th Cir. 2009) (describing the statute as "plainly immuniz[ing] from suit" and providing "protection . . . for civil liability"); *Carafano*, 339 F.3d at 1122, 1125 (referring to "immunity from liability" and "immunity from suit").

order doctrine, *see id.* at 860, and we did not independently consider it, so *Boshears* also does not resolve the jurisdictional question here. *See Magana-Magana v. Bondi*, 129 F.4th 557, 566 n.5 (9th Cir. 2025); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998) (explaining that unexamined jurisdictional assumptions "have no precedential effect").

Only the Tenth Circuit has squarely addressed the issue before us, and it concluded that section 230 "provides immunity from liability, not suit, and [a] district court's order [denying immunity] does not qualify under the collateral order doctrine." *Gen. Steel Domestic Sales, LLC v. Chumley*, 840 F.3d 1178, 1179–80 (10th Cir. 2016). *Chumley* rested on the lack of "an explicit statutory or constitutional guarantee that trial will not occur," *id.* at 1181–82 (quoting *Midland Asphalt*, 489 U.S. at 801), and the fact that "[i]mmunity from suit is a benefit typically only reserved for governmental officials," *id.* at 1182. We agree with our sister court's analysis.

Therefore, we hold that section 230 provides a defense to liability, not immunity from suit, and an order denying this defense can be effectively reviewed on appeal from a final judgment. While that is a sufficient basis to conclude that we lack appellate jurisdiction, we briefly explain why the other two *Cohen* requirements are not satisfied either.

24-7032

**B.**

As for the first *Cohen* requirement, the district court's decision did not "conclusively determine the disputed question," *Gopher Media*, 154 F.4th at 701 (quoting *Will*, 546 U.S. at 349), because the district court indicated its willingness to revisit the issue of section 230 immunity at a later stage of the proceedings. The court expressed its "skepticism" about plaintiffs' ability to proceed on their "novel" failure-to-warn theories in light of section 230 but allowed the claims to proceed "for now" given that the litigation was at an "early juncture" and the law regarding section 230 immunity was "in some flux." Therefore, the district court's ruling was not conclusive. *See Gulfstream Aerospace*, 485 U.S. at 278 (holding that a ruling fails to satisfy the first requirement of the collateral order doctrine when it "does not 'necessarily contemplate' that the decision will close the matter for all time" and may signal the district court's determination to "await further developments before" making a conclusive ruling).

Nor did the district court's decision satisfy the second *Cohen* requirement by "resolv[ing] an important issue completely separate from the merits of the action." *Gopher Media*, 154 F.4th at 701 (quoting *Will*, 546 U.S. at 349). "An issue is completely separate from the merits if it is 'significantly different' and 'conceptually distinct' from the 'fact-related legal issues that likely underlie the plaintiff's claim on the merits.'" *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 314

23

(1995)). As we have explained, a determination of section 230 immunity requires that we "examine each claim to determine whether a plaintiff's '*theory of liability* would treat a defendant as a publisher or speaker of third-party content.'" *Calise*, 103 F.4th at 740 (quoting *Barnes*, 570 F.3d at 1101). If the legal duty that the defendant allegedly violated "obliges the defendant to 'monitor third-party content'—or else face liability—then that . . . is barred" by section 230(c)(1). *Id.* at 742 (quoting *HomeAway.com*, 918 F.3d at 682). This inquiry "necessarily involves reviewing the 'content' and 'context' of the factual allegations in a plaintiff's complaint." *Gopher Media*, 154 F.4th at 702 (quoting *FilmOn.com Inc. v. DoubleVerify Inc.*, 439 P.3d 1156, 1164 (Cal. 2019)).

\* \* \*

Because the district court's order does not meet any of the three *Cohen* factors, it is not immediately appealable under the collateral order doctrine. Therefore, we lack appellate jurisdiction over Meta's and TikTok's appeals and plaintiffs' conditional cross-appeals.[4]

**DISMISSED.**

---

[4] Meta's emergency motion to stay trial pending resolution of this appeal (docket entry no. 190 in case no. 24-7032) is denied as moot.

24-7032